FAULKNER, Justice.
Defendants appeal from judgments in two consolidated cases involving their handling of partnership and corporate assets. We affirm.
Plaintiffs originally brought two separate suits, one to dissolve a partnership known as Jeff D. Jordan & Co. and the other to establish management and control of Jordan Funeral and Insurance Co., Inc. The businesses are both family owned enterprises and the parties are all related. Each action alleged that the defendants were converting partnership and corporate assets to their own use. After extensive hearings and upon recommendation of a master previously appointed by the court, the partnership was ordered dissolved as of December 31, 1975, and its assets were sold by the following March.
On February 25, 1977, an order was entered in the corporation case dismissing all issues except: (1) an accounting between the stockholders, (2) an accounting by the corporation, and (3) an adjustment of equities between the parties by way of judgment or other appropriate relief. The trial court further ordered that unless an accounting was instituted within twelve months these remaining issues would be dismissed. Interrogatories were propounded to the defendants eight months later, on October 17, 1977, and answers were finally filed on February 15, 1978, following a motion to compel. On January 23, 1978, the court entered a pre-trial order which established the primary period for which the accounting was sought as well as other as *2 pects of the accounting. Requests for admissions were served on one of the defendants On February 23, 1978. Following a hearing in March judgment was entered against the defendants.
On appeal defendants assert that no accounting was instituted within twelve months as required by the order of February 25, 1977, and that judgment against defendants in the corporation case was therefore improper. We disagree. It is clear from the recitation of the facts above that an accounting was instituted by February 25, 1978. Interrogatories and requests for admissions were served prior to that date. In fact, a pre-trial order pertaining to the accounting was entered in late January. It is difficult to imagine what could show more clearly than does this pre-trial order that an accounting had been instituted within the twelve month period.
Defendants also assert that there was no full, complete, and proper accounting of the partnership business. Again, we must disagree. A master was appointed to conduct the accounting of the partnership business. An audit was undertaken by a firm of certified public accountants and they filed a report upon which the master obviously relied. The parties were given an opportunity to examine the auditors and submit any relevant evidence. The master filed an “articulate and comprehensive” report recommending dissolution of the partnership. A hearing was held on defendants’ objections to the report following which the court entered judgment; consequently, under the ore tenus rule, we affirm. Hair v. Beall, 274 Ala. 699, 151 So.2d 613 (1963).
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.